VIVIAN BOTT *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 103432
AT NEW HAVEN

Memorandum filed April 27, 1964

No appearance filed for the plaintiff (claimant).

*James O'Connor Shea*, of New Haven, for Auric Answering Service.

*Harold M. Mulvey*, attorney general, and *Harry Silverstone*, assistant attorney general, for the Administrator, Unemployment Compensation Act.

MacDONALD, J. On this appeal by an employer, Auric Answering Service, from the commissioner's decision that the conduct of the plaintiff leading to her discharge was not "wilful misconduct," the sole question is as to whether this conclusion was legally consistent with the subordinate facts found.

According to the corrected finding of facts dated January 28, 1964, as further corrected on March 31, 1964, by the inclusion of paragraph 3 (a), (b), (c), (d), (e) and (f) of the lengthy motion to correct dated March 9, 1964, the plaintiff had worked as a switchboard operator for the Auric Answering Service for a period of four months when she was discharged for refusing to sign an agreement containing a restrictive covenant which the employer decided to require its employees to execute as a condition of employment. The restrictive covenant, now included in the finding, would prevent her from working in an answering service, either as owner or an employee, for a period of two years after the termination of her employment with Auric Answering Service "regardless of time, manner or cause, or lack of cause, of said termination."

Regardless of the good reasons urged by the employer in its very comprehensive brief for desiring and seeking to enforce such restrictive conditions of employment, plaintiff certainly was under no obligation to thus restrict her manner of earning a living, and her refusal to sign cannot be considered "misconduct" in any sense of the word, even if admittedly deliberate. Had she signed and

immediately thereafter been discharged for no fault of hers, the resulting inequities are too obvious to require comment.

On the present state of the record, the restrictive covenant is unreasonable, and even the inclusion of the many additional findings requested by the plaintiff and refused by the commissioner would not alter the court's opinion on this point. Paragraphs 6 and 7 of the corrected finding undoubtedly are conclusions, but, since they are justified by the prior findings of fact, their designation as "fact" rather than "conclusion" is not harmful.

In the opinion of the court the commissioner's conclusion was legally consistent with the subordinate facts found, and the appeal is dismissed.